Dear Registrar Johnson:
We have received additional information concerning the Bogalusa City School Board reapportionment plan, including the legal description of the districts. In our earlier opinion, No. 99-32, we opined that Washington Parish Ordinance No. 98-202 does not follow the law, [R.S. 17:71.1 et seq.], to accomplish reapportionment for the Bogalusa City School Board. We further noted that inasmuch as the school board reapportioned in 1994, using whole election precincts established by the parish governing authority, same can not be changed through the use of "lock-outs". However, based upon the additional information received herein, we have reconsidered our earlier opinion and recall any inconsistencies in Attorney General Opinion No. 99-32, based on the following analysis.
The public school district was created in the Fourth Ward of Washington Parish, designated as the Bogalusa School District, in Louisiana Acts 1914, No. 14 (Sec. 28), as follows:
 Section 1. Be it enacted by the General Assembly of the State of Louisiana, that all the inhabitants of that portion of the Fourth Ward of the Parish of Washington, embraced within the following limits, are hereby created a body corporate and established as a political corporation by the name of `City of Bogalusa,' . . .
 * * *
 Section 28. The territory described in Section 1 of this Act is hereby created a public school district to be designated as Bogalusa School District, and the public schools therein shall be under the management and control of the parish Board of School Directors of Washington Parish. . . .
Thereafter, Louisiana Acts 1936, No. 186 amended Section 28 of Act 14 (1914) to create the Bogalusa School Board and sever the Washington Parish School Board's authority over the public schools in Bogalusa City as follows:
 Section 28.
 (1) The territory described in Section 1 of this Act is hereby created a public school district to be designated as Bogalusa School District, and the public schools therein shall be under the management and control of the Bogalusa School Board, which is hereby created, . . .
 * * *
 (3) When this Act takes effect, the Washington Parish School Board shall have no further authority over the public schools in the City of Bogalusa, nor shall the City of Bogalusa or the wards in which it is located thereafter have representation on the Washington Parish School Board, and any member of the Washington Parish School Board from the City of Bogalusa or the wards in which the city is located now serving shall cease to be a member of said parish school board.
 * * * (Emphasis added)
Thus, it is clear from these legislative acts that the boundary of the Bogalusa School Board is that territory described as Ward 4, in Section 1 of Louisiana Acts 1914, No. 14. We have not found any other legislative act which amends these provisions of law.
Bogalusa School Board is bound by Louisiana Acts 1914, No. 14 to reapportion within its legislatively defined boundaries of Ward 4. Although R.S. 17:71.3 requires a school board to reapportion using whole election precincts established by the parish governing authority under R.S. 18:532 and 532.1, paragraph (E) provides an exception when the number of members of the school board is not equal to the number of members of the parish governing authority and the school board is unable to meet the federal guideline of plus or minus five percent deviation in the creation of its reapportionment plan through the use of whole precincts. In this situation, a school board is allowed to divide a precinct into portions bounded by visible features, but no precinct shall be divided into more than two school board districts.
It appears that this exception in R.S. 17:71.3 was utilized by the school board in their last reapportionment plan, because although the school board plan lists the whole election precincts established by the parish governing authority, the legal descriptions stay within the boundary of Ward 4. In other words, the legal descriptions split precincts 4-8AA, 4-8BB and 4-9. For example, District 1 is described as follows:
 District 1: Precincts 4-8AA; 4-1A
 Commencing at the intersection of Highway 21N and the 4th Ward Line, run in a southerly direction down Highway 21 to the intersection of Louisiana Avenue, then westerly along Louisiana Avenue to the intersection of Carolina Avenue, west on Carolina Avenue to Austin Street, then north along Austin Street to the City Limits, then west along the City Limits line to Airport Road, then north to the intersection of Burt Road, then northeasterly to the ward line. (Emphasis added)
The same is true of Districts VI and VII, which contain precincts 4-9 and 4-8BB, which legal descriptions end at the north/west Ward 4, we have been advised that the Washington Parish Police Jury re-defined precinct 6-2 to stop at the Ward 4 line, allowing those 4 or so people in Ward 4 to now be properly placed within precinct 4-11. The only other precincts causing confusion are precincts 6-4A and 4-9A. it is our understanding from the legal description of District VI of the Bogalusa City School Board, which contains precinct 4-9A, that the western boundary is defined as the Ward 4 line. If the Washington Parish Police Jury has not re-defined precinct 6-4A to reflect that those persons within Ward 4 are in precinct 4-9A and not precinct 6-4A, then it is our opinion that they should do so to clear up any further confusion. However, the legal description of precinct 4-9A is sufficient for the registrar to advise those persons listed in precinct 6-4A, but living within Ward 4, as to their eligibility to vote on the upcoming proposition elections within Ward 4. (This will require a lock-out in precinct 6-4A).
In sum, it is now our opinion that Washington Parish's ordinance, No. 98-202, which provides for "lock-outs" in those precincts which transcend the Ward line, is an appropriate remedy to resolve this matter. All election officials involved in this matter, in our opinion, may use lock-outs in those precincts which transcend Ward 4, to ensure that only those eligible voters in Ward 4 are allowed to vote on the elections within Ward 4. Insofar as ordinance No. 98-202 provides for a change with respect to voting, i.e., it allows the use of lock-outs on voting machines, it needs Section 5 approval under the Voting Rights Act.
If we can be of further assistance, please advise.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 _____________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL:cwr
cc: Hon. W. Fox McKeithen Hon. Jerry M. Fowler